**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

United States of America,

        -against-

Dmitry Sazonov,

                    Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:____2/16/2018

1:17-cr-00657 (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

This Opinion and Order addresses the restitution to be paid by Defendant, Dmitry Sazonov ("Sazonov"), to the victim of his crime, namely, his former employer, Susquehanna International Group, LLP ("SIG"). For the reasons set forth below, the Court finds that restitution in the amount of $132,817.00 should be paid by Sazonov to SIG, pursuant to the terms of an Amended Judgment that will be entered in this case.

**BACKGROUND**

Sazonov was charged by complaint and, on October 25, 2017, pleaded guilty to a misdemeanor information charging him with attempting to access a protected computer in violation of 18 U.S.C. § 1030. (Presentence Investigation Report ("PSIR"), ECF No. 23, ¶¶ 1-3.) In his allocution at the time of the plea, Sazonov stated that, after being fired by SIG, he re-entered SIG's offices with the intent to access his work computer and delete certain files, though he was not able to carry out this plan. (PSIR ¶ 25.) In his plea agreement, Sazonov agreed to pay restitution in an amount ordered by the Court. (Gov't Sentencing Mem., ECF No. 29, at 9.)

In the submission made prior to sentencing, counsel for Sazonov stated that they were "currently in discussions with the government as to the correct and appropriate amount of

restitution, if any . . ..” (Def. Sentencing Mem., ECF No. 26, at 12-13.) In its pre-sentence submission, the Government requested that Sazonov pay restitution in the amount of $156,255.12 to SIG. (Gov’t Sentencing Mem. at 8.) The Government explained that “[t]he restitution sought is limited to costs and fees incurred by [SIG’s] outside counsel [WilmerHale] and a forensic investigation firm [K2] and travel expenses incurred by [SIG] employees in connection[] with meetings with the Government.” (*Id*. at 10.) The Government also provided the Court with a letter from SIG’s counsel that provided a limited breakdown on SIG’s fees and costs. (12/14/17 WilmerHale Ltr., ECF No. 29-2.) Prior to sentencing, the Court ordered SIG to provide to the Court a more detailed breakdown, including the daily hours billed, brief descriptions of daily work done and billing rates of WilmerHale and K2 personnel that are the basis for the $156,255.22 in restitution sought by SIG. (*See* Endorsed 1/23/18 WilmerHale Ltr., ECF No. 31.) Such breakdown was provided to the Court by letter from WilmerHale, dated January 25, 2018. (Endorsed 1/25/18 WilmerHale Ltr., ECF No. 36, attachment, at 3-6.)

After sentencing, on January 25, 2018, this Court entered a Judgment against Sazonov, which provided that restitution was to be paid to SIG in an amount to be determined. (Judgment, ECF No. 33, at 4.) This Court also entered an Order, dated January 25, 2018, which required the Government to provide WilmerHale’s January 25 letter to Defendant’s counsel and ordered briefing from the Defendant and the Government (and SIG, if it so chose) on two issues: “(a) whether the attorneys’ fees and expenses that comprise the restitution amount requested by the Government fall within 18 U.S.C. § 3663A(b)(4); and (b) whether the amount requested is appropriate.” (1/25/18 Order, ECF No. 32.)

The Court received briefing pursuant to its January 25, 2018 Order from Sazonov, the Government and SIG (ECF Nos. 34, 35 & 37), and by this Opinion and Order determines the amount of restitution to be paid by Sazonov to SIG.

## DISCUSSION

### I. Applicable Legal Standards

Under the Mandatory Victims Restitution Act ("MVRA"), a defendant is required to pay restitution for "necessary . . . expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. § 3663A(b)(4). Courts in this Circuit have awarded restitution where victim corporations incurred attorneys' fees and other costs provided that the sentencing court finds, "by a preponderance of the evidence, that such expenses were necessary; that they were incurred while participating in the investigation, prosecution, or attendance at proceedings regarding the offense; that they were incurred by a victim as defined by the [MVRA] and that they do not require unduly complicated determinations of fact." *United States v. Gupta*, 925 F. Supp. 2d 581, 584 (S.D.N.Y. 2013) (internal quotations omitted); s*ee also United States v. Amato*, 540 F.3d 153, 159 (2d Cir. 2008) (under MVRA, "'other expenses' incurred during the victim's participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense may include attorney fees and accounting costs").

The amount of expenses incurred that can be recovered as restitution under the MVRA is not without limits. The number of personnel staffed, and the hours billed in participating in the investigation or prosecution of the offense, must reflect "what was reasonably necessary under the MVRA." *Gupta*, 925 F. Supp. 2d at 587-88 (reducing amount of tendered expenses by 10% in

awarding restitution); *see also United States v. Ebrahim*, No. 12 Cr. 471 (JPO), 2013 WL 2216580, at \*4 (S.D.N.Y. May 21. 2013) (finding some excessive billing and an unnecessary amount of attorneys involved in certain tasks, and deducting 10% of amount requested).

## II.    Application

In the present case, the Court finds that legal and investigatory expenses were necessarily incurred by SIG in the investigation and prosecution of the charges against Sazonov. In his letter to the Court of February 8, 2018, Sazonov seems to argue that, because he ultimately was unsuccessful in carrying out his attempt to steal trade secrets from SIG, the legal and investigatory expenses incurred by SIG during its participation in the investigation and prosecution of him for such attempt somehow are not recoverable. (*See* 2/8/18 Def. Ltr., ECF No. 34.) This plainly is not so. SIG incurred expenses in assisting the Government with respect to investigating and prosecuting Sazonov's crime, and SIG is entitled to restitution under the MVRA. As noted in SIG's February 15, 2018 submission to the Court, "[v]ictims are not required to predict the future course of an investigation and a victim's right to be reimbursed for assistance provided to the government does not depend upon which offense the government ultimately elects to charge." (Endorsed 2/15/18 WilmerHale Ltr., ECF No. 37, at 2.)

With respect to the amount of restitution, the Court has carefully reviewed the billing records submitted by SIG, reflecting the time billed by attorneys at WilmerHale and personnel at K2. (1/25/18 WilmerHale Ltr., attachment.) WilmerHale had six attorneys bill about 134 hours to the SIG matter with stated hourly rates ranging from a low of $430 to a high of $1420.[1] However,

---

[1] Although the "Work Rate" column contains hourly rates in this range, the actual amounts in the "Billed Rate" column (when multiplied by the number of hours worked) appear to reflect that SIG was provided a 10% discount off of standard hourly rates. (*Se*e 1/25/18 WilmerHale Ltr., attachment.)

the bulk of the work was conducted by three attorneys at hourly rates of $505, $880 and $995. (*Id*.) K2 had three individuals bill about 111 hours to the SIG matter at hourly rates of $400, $580 and $710. (*Id*.)

Upon review, the Court finds that the rates billed and personnel staffed exceeded that which was reasonably necessary under the MVRA. Although SIG undoubtedly received significant value for the services performed by WilmerHale and K2, the Court, in its discretion, reduces the amount of restitution sought by 15%. Stated affirmatively, the Court finds that it has been proven by a preponderance of the evidence that 85% of the tendered expenses were necessary to investigate and prosecute Sazonov for the offense to which he pleaded guilty. Therefore, the Court finds that SIG is entitled to restitution from Sazonov in the amount of $132,817.00.

## CONCLUSION

For the foregoing reasons, Sazonov is ORDERED to pay the sum of $132,817.00 to SIG in restitution. Based upon the Court's evaluation of Sazonov's financial condition as reflected in the PSIR (¶ 67 & n.2), the Court directs that that the restitution amount be paid, as follows: (1) a lump sum of $10,000.00 within 30 days of the date of the Amended Judgment of Conviction, and (2) monthly installments of 10% of Sazonov's gross monthly income, if any, to commence 60 days after the date of the Amended Judgment. The Court will forthwith enter the Amended Judgment of Conviction reflecting this determination.

The Clerk of Court is directed to terminate the Letter Motion filed at ECF No. 34.

**SO ORDERED.**

DATED:      New York, New York
             February 16, 2018

_____
STEWART D. AARON
United States Magistrate Judge